## ALLOY CAST STEEL CO et v ARTHUR

Ohio Appeals, 3rd Dist, Marion Co

No. 759.   Decided Sept 18, 1931

Mouser, Young, Mouser & Wiant, Marion,
for Plaintiffs in Error.

Catty & Coble and Clark & Arter, for De-
fendant in Error.

JUSTICE, PJ.

They insist that the evidence of defendant in error raised, as a matter of law, a clear presumption of contributory negligence upon her part, which was not counter-balanced by any evidence, and that, therefore, their motion for a directed verdict should have been sustained. In support of this proposition our attention is invited to the following portions of defendant in error's testimony:

"Q. What did you observe, if anything when you approached Olney Avenue, that day, with reference to the operation of the machine?

A. I didn't observe nothing.

Q. Well, did you observe anything with reference to the movement of the machine?

A. Yes, she was stopping at the streets and she slackened up and then stopped at Olney Avenue.

Q. Then, what did you observe, if anything, after the car came to a stop?

A. I didn't observe anything.

Q. From the time you started out from your house that day until you reached Olney Avenue and until the time of the accident, did you have anything to do with the direction or control of the operation of the automobile?

A. No sir, I didn't, only she remarked about stopping at all streets, that was all that was said because I didn't bother her driving the car."

And upon cross-examination:

"Q. And when you drove along on Columbia Street west of where this thing happened, as you have described it to Mr. Coble you were paying no attention whatsoever, were you?

A. No sir.

Q. You weren't looking at all?

A. No sir.

Q. You weren't looking for any cars at all?

A. No sir."

Does the foregoing testimony, in and of itself, bar defendant in error, as a matter of law, from a recovery in this case? We do not think so. Whether defendant in error did or did not exercise ordinary care for her own safety in entering the intersection without looking and listening for the approach of Weis's automobile, were questions of fact to be determined by the jury in the light of all the surrounding circumstances, under proper instructions. To set forth the circumstances in this opinion, is unnecessary, as they are known to counsel and the parties. It is enough to say that they are such as might cause different minds, in considering defendant in error's conduct, to reasonably reach different conclusions as to her care or want of care.

As to the sufficiency of the evidence, upon the issue of negligence, contributory negligence, proximate cause and damages, the case is controlled by the rule of law en-

ounced in **Dean v King, 22 Oh St, 118, 134,** and kindred cases. This rule is that a reviewing court should not set aside a verdict and grant a new trial on the ground that the verdict is not sustained by sufficient evidence unless it finds the verdict to be clearly and manifestly against the weight of the evidence. This, we do not find.

It is urged as one of the grounds for a reversal, that defendant in error has failed to establish by sufficient evidence, that J. F. Weis was the agent of plaintiffs in error or either of them, acting within the scope of his authority at the time of the collision, and hence no liability exists against plaintiffs in error, either jointly or severally, on account of his conduct. To this proposition, so far as it relates to The Osgood Company, we are in accord. But, so far as it pertains to The Alloy Cast Steel Company, we do not accede.

Admittedly, Mr. Weis, at the time of the collision, was in the employ of The Alloy Cast Steel Company as a construction engineer, engaged in building for that company, an open hearth furnace. He was being paid for such services by The Osgood Company which in turn was paid back by The Alloy Cast Steel Company. Mr. Weis was acting under general orders from Walter Dorsey, a director of The Alloy Cast Steel Company, and his immediate superior, who knew that J. F. Weis had been transporting castings for use in the open hearth furnace. At the time of the collision Mr. Weis was engaged in transporting such a casting. In the light of such evidence we are constrained to hold that a new trial should have been awarded to The Osgood Company. True, the payment by The Osgood Company of Mr. Weis's salary is some evidence of the relation between them of either master and servant or principal and agent, and under the scintilla rule the trial court was undoubtedly required to submit the issue of agency to the jury. The jury, however, went wrong so far as The Osgood Company was concerned, and the trial court should have sustained its motion for a new trial on the ground that the verdict, on the issue of agency, was not sustained by sufficient evidence. As to The Alloy Cast Steel Company, however, we are persuaded that there was abundant evidence to warrant the jury in finding the agency as claimed.

The trial court, at defendant in error's request, instructed the jury, before argument, as follows:

"Should you find that Mrs. Arthur's in-juries were proximately caused by the concurrent negligence of both Mrs. Morrison and one or more of the defendants, and that Mrs. Arthur was not negligent, then you are instructed that your verdict should be for the plaintiff and against the defendant or defendants whom you find to be negligent."

This, if not erroneous, is at least misleading. It does not clearly put liability only upon those whose negligence directly and proximately caused the collision with its resultant damages. Manifestly, this instruction is not only wrong, but prejudicial to plaintiffs in error, if by it the jury was told that it should find against both defendants provided it found the negligence of Mrs. Morrison and one of the defendants directly and proximately caused the injuries complained of, and also found that the other defendant was negligent but that its negligence did not directly and proximately cause said injuries. Counsel for plaintiffs in error insist the request is susceptible only of such an interpretation. On the other hand, counsel for defendant in error contend that the instruction, taken by its four corners, places liability only upon those whose negligence directly and proximately caused the injuries of which complaint is made, which would, of course, be a correct and proper instruction. Maybe the jury was not misled by this request. Maybe it was. If this was the only error which intervened during the course of the trial, we might hesitate to declare it prejudicial to plaintiffs in error.

There is an error in the general charge, however, which, in our opinion, requires a reversal of the judgment. The trial court instructed the jury, in part, as follows:

"If the plaintiff has established by a preponderance of the evidence that said driver was the agent of the defendants, or either of them, and acting within the scope of his authority as such agent for the defendants, or either of them, then his negligence, if any, would be the negligence of the defendants, or either of them."

This is wrong. Manifestly, in order to make both defendants liable for the conduct of J. F. Weis, he had to be the agent of both of the defendants. If Mr. Weis was only the agent of one of the defendants, that defendant company of which he was not the agent would, of course, not be liable for his negligent acts, and the trial court should have so instructed the jury.

150

Instead of so doing, the trial court in no uncertain words told the jury that if J. F. Weis was the agent of either defendant, his negligence would make the defendants both jointly and severally liable. It is true the charge should be construed as a whole, but even when so construed the prejudicial effect of the language aforesaid is obvious. From what has been said it is apparent that plaintiffs in error did not have a fair trial.

Holding these views, it follows that the judgment of the Court of Common Pleas should be reversed. Judgment reversed and cause remanded.

CROW and KLINGER, JJ, concur.